

| Preston E Reeves |
| --- |
| Plaintiff |
| V |
| St Luke's Hospital, The Vintage located at 20171 Chase wood Park Drive, Houston Texas 77070 |
| Defendant |

No. 5215

# COMPLAINT

Plaintiff Preston E Reeves complains against Defendant St Luke's Hospital, The Vintage located at 20171 Chase wood Park Drive, Houston Texas 77070.

## Jurisdictional Allegation

Jurisdiction in this case is based on the weight of evidence, that is reasonable cause that (defendant) allowed Charging Party to be racially harassed based on his race, Black, and essentially discharged because Defendant refused to allow charging party (Preston Reeves) to return to work after he complained of racial harassment. These action are violations of Tittle VII of Civil rights Act of 1964, as amended.

1. On or about June 20, 2012 I transferred from the main hospital St Lukes in the medical center, after two years of service to St. Luke's Vintage Hospital to work as a unit Secretary. Upon my arrival, I was not given a schedule or proper training as other non-black employee had received.
2. Beginning in July 2012, I began to suffer harassment from many of my co-worker including R.N.s and others. The harassment took the form of threats, racial slurs and some form level of physical actions meant to demean and humiliate me.
3. I complained to several employees, including Tracy Mahl and Christain Kovach Britain of human services, about the issues I was having from staff and management. Ms. Kovach Britain insured me that a full investigation were to be conducted and she would let me know the outcome afterwards.

4. During the month of August 1012, I sought leave from my supervisor and leave under FMLA due to the passing of my mother. Ms. Kavach Britain and shift stated me to take time and that she would be handling the investigation while I was absent. When I return to Houston I began contacting Ms Kovach Britain, specifically, to ascertain what steps I should take in terms of returning to work. Ms. Kovach Britain, eventually contacted me via written correspondence dated October 8 2012, but received October 17 2012 suggesting the organization considered me to have voluntarily resigned.
5. It appears as though the organization used my leave of absence under bereavement leave to suggest I abandoned my job. I have evidence to support the fact I did contact my employer prior to their having made this decision.

## Demand for relief

WHEREFORE, the plaintiff (Preston E Reeves) demands judgment against defendant for the sum of $120,000, with interest and cost. Reinstatement to active employment in the same or equal position, and all records or statement indicating that plaintiff abandon employment with defendant at St Luke's the Vintage hospital.

Dated this 11th day of May, 2015

*[signature]*
Preston Reeves
1718 Calmar Drive
Houston Texas 77386

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Preston Reeves<br>1718 Calmar Dr.<br>Spring, TX 77386 | From: | Houston District Office<br>Total Plaza<br>1201 Louisiana, Suite 600<br>Houston, TX 77002 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2013-00388 | Jim Sacher, Regional Attorney | (713) 651-4963 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)      _Jim Sacher by ADM_      2-11-15
                   Jim Sacher,              (Date Mailed)
                   Regional Attorney

cc: Debbie Mahannah                    Mitchell Katine
    Adm. Director-Human Resources      Katine & Nechman, LLP
    ST. LUKE'S EPISCOPAL HOSPITAL      1111 North Loop West, Ste. 180
    P.O. Box 20269                     Houston, TX 77008
    Houston, TX 77225



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Total Plaza
1201 Louisiana Street, 6th Floor
Houston, TX 77002
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Houston Status Line: (866) 408-8075
Houston Direct Dial: (713) 651-4900
TTY (713) 651-4901
FAX (713) 651-4902
Website: www.eeoc.gov

460-2013-00388                                                          Charge Number

Mr. Preston Reeves                                                      Charging Party
14327 Alaman Dr.
Houston, TX  77090

St. Luke's Hospital-The Vintage                                         Respondent
c/o Patricia Anderson Pryor
Jackson Lewis, LLP
201 E. 5th St., 26th Floor
Cincinnati, OH 45202

## Determination

Under the authority vested in me, by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. On November 1, 2012, Charging Party, Preston Reeves, filed a charge of discrimination stating that he was discriminated against based on his race, Black, and retaliated against after he filed an internal complaint with Respondent suggesting racial harassment. Charging Party claims he was not given a schedule, denied training while also being subjected to racial slurs and threats by his co-workers. Charging Party claims after he complained about the racial discrimination Respondent refused to allow him to return to work from his bereavement after his mother's death, and instead accused Charging Party of job abandonment.

The evidence suggests that Charging Party was the victim of racial harassment. The harassment took the form of comments, threats and slurs which Respondent was or should have been aware of and did not effectively address the racial harassment. Evidence further suggests that after Charging Party complained about the racial harassment, Respondent refused to allow him to return to work and accused him of abandoning his job, although there was evidence that Charging Party did attempt to return to work.

Based on the weight of the evidence, the Commission concludes that there is reasonable cause to believe that Respondent allowed Charging Party to be racially harassed based on his race, Black, and essentially discharged because Respondent refused to allow Charging Party to return to work after he complained of racial harassment. These actions are violations of Title VII of the Civil Rights Act of 1964, as amended.

713-851-4977

Roy Wilkerson                                                           JUN 09 2014

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that a violation has occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII of the Civil Rights Act of 1964, as amended, apply to information obtained during the conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Director of the Houston District Office is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party to begin conciliation.

On Behalf of the Commission:

6/3/2014
Date

R.J. Ruff, Jr.
District Director

Cc: Charging Party's Legal Representative:
Mitchell Katine
Katine & Nechman, LLP
1111 North Loop West, Ste. 180
Houston, TX 77008